UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMANDA BEYER,
*on behalf of herself and all others similarly situated*,

            Plaintiff,

                                        Case No. 21-cv-514-pp

    v.

MICHELS CORPORATION,

            Defendant.

**ORDER DENYING PLAINTIFF'S RULE 7(H) EXPEDITED NON-DISPOSITIIVE MOTION TO FILE A SUR-REPLY BRIEF (DKT. NO. 20), GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND GRANTING DEFENDANT'S MOTION TO STRIKE CLASS AND COLLECTIVE ALLEGATIONS (DKT. NO. 15), ALLOWING PLAINTIFF TO FILE AN AMENDED COMPLAINT AND DENYING PLAINTIFF'S RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO STAY RULING ON THE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 21)**

      The plaintiff has filed an individual and collective action under the Fair Labor Standards Act and Wisconsin law, alleging that the defendant knew or had reason to know that employees were logging into a program called Fleetfocus and working before their scheduled start times but did not compensate them for that additional time, failed to count as hours worked the time during which their lunch breaks were interrupted and failed to include annual bonuses in computing their regular rate for overtime pay. Dkt. No. 1.

      On June 14, 2021, the defendant filed a motion to dismiss for failure to state a claim or, in the alternative, to strike the class and collective actions. Dkt. No. 15. The court entered an order reminding the plaintiff that she had the option to file an amended complaint to cure the alleged deficiencies raised

1

in the motion to dismiss. Dkt. No. 17. The plaintiff did not amend, instead she filed a response to the defendant's motion. Dkt. No. 18. In its reply brief, the defendant asked the court to dismiss with prejudice because the court had reminded the plaintiff she could amend and, presumably, the plaintiff would have amended if she had been able to assert additional allegations that would have stated a claim. Dkt. No. 19.

Soon after the motion to dismiss was fully briefed, the plaintiff filed a Rule 7(h) expedited motion for leave to file a sur-reply, dkt. no. 20, and a second motion asking the court to stay ruling on the motion to dismiss to allow the plaintiff to conduct limited discovery (in the event the court were to determine that the complaint failed to state a claim), dkt. no. 21.

The court has no basis for granting leave to file a sur-reply or for staying its ruling on the motion to dismiss. The court will allow the plaintiff to proceed on two of her individual claims but will dismiss the bonus claim and the class or collective claims. It will give the plaintiff a deadline by which to file an amended complaint if she wishes to try to address the deficiencies that have resulted in the court's ruling.

## I.    Plaintiff's Rule 7(h) Expedited Nondispositive Motion to File a Sur-reply Brief (Dkt. No. 20)

The court begins with the plaintiff's expedited, non-dispositive motion to file a four-page sur-reply brief. Dkt. No. 20. The plaintiff argues that the defendant raised arguments for the first in its reply brief. Id. at 1. She asserts that in its opening brief, the defendant argued that the plaintiff must anticipate a *de minimis* defense, while in its reply brief, the defendant argued that the plaintiff had pled herself out of court. Id. (comparing Dkt. No. 16 at 22 with Dkt. No. 19 at 14). The plaintiff also argues that the motion to dismiss did not specify whether dismissal should be with or without prejudice, but the reply

2

brief argues that because of the plaintiff's undue delay, the court should dismiss with prejudice. Id. at 2-3.

The defendant responds that it "does not ultimately object to this court's consideration" of the proposed sur-reply but it questions the propriety of the motion for a couple of reasons. Dkt. No. 22 at 1. First, the defendant argues that the plaintiff should demonstrate good cause for asking a court to expedite consideration (which is what a motion filed under Civil L.R. 7(h) asks the court to do). Id. at 1 (citing 28 U.S.C. §1657). Second, the defendant suggests that the plaintiff simply "retreads arguments already discussed in the three briefs" already filed. Id. at 2.

Neither the federal rules nor this court's local rules contemplate a sur-reply brief and rarely is such a brief necessary. The defendant's reply brief responded to the arguments made in the plaintiff's opposition brief and reasserted arguments made in the opening brief. For example, in its opening brief, the defendant argued that the plaintiff had failed to allege any work beyond logging into the computer; it asserted that "common sense" dictates that logging in only takes a few minutes. Dkt. No. 16 at 22. In making that argument, the defendant cited cases from other circuits holding that a complaint may be dismissed for failing to allege that any work was more than *de minimis*. Id. In its reply brief, the defendant argued that the plaintiff had failed to counter defendant's argument that the time spent logging into the computer was *de minimis.* Dkt. No. 19 at 13. According to the defendant, the plaintiff implicitly conceded that logging into the computer takes no more than a few minutes (regardless of who bears the burden of proof on this defense). Id. Further, the reply brief addressed the fact that the plaintiff chose to respond to the motion rather than to amend the complaint even though the court had

3

reminded the plaintiff she could amend. Id. at 21. The defendant noted that in her response, the plaintiff had said that she wanted to preserve her "one and only opportunity to amend her complaint without leave of the court." Id. at 22. The defendant said only that that opportunity had come and gone and that if the plaintiff were to amend again, it would be with information already known to her (and intentionally withheld from the pleading). Id. This is not an argument that the defendant could have made in the opening brief because, at the time the defendant filed that brief, the plaintiff had not yet decided to decline the court's invitation to amend the complaint.

Although the defendant does not oppose the motion, the additional briefing is neither necessary nor helpful to the resolution of the defendant's motion to dismiss. The court will deny the motion for leave to file a sur-reply brief.

## II. Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. No. 15)

The defendant argues that the plaintiff has failed to sufficiently plead the individual claims and asserts that the collective and class claims do not allege the existence of a common policy giving rise to common questions of fact or demonstrating that anyone other than the named plaintiff was harmed. Dkt. No. 16. The defendant argues that the plaintiff's claim that she was not paid for the time she worked prior to the start of her shift should be dismissed because (1) she has not alleged facts demonstrating that whatever she was doing between the time she logged on and the time her shift started was a "principal activity" under the FLSA; (2) she doesn't allege that whatever she was doing was compensable, on-duty work; and (3) she hasn't alleged that the defendant knew or should have known that she was working during that time. Id. at 6. The defendant argues that the second claim (that the plaintiff's yearly bonus

was not included in her regular rate of pay) fails because she does not suggest that the year-end bonus was a non-discretionary bonus. Id. at 18-19. The defendant asserts that the plaintiff's third claim (that the defendant did not compensate for interrupted meal breaks) fails because she has not alleged that the interruptions during her meal breaks were predominantly for the defendant's benefit. Id. at 22. The defendant maintains that if the court dismisses these claims, it should decline to exercise supplemental jurisdiction over the remaining state law claim. Id. at 23. In the alternative, the defendant asks the court to dismiss or strike the collective and class allegations because they do not assert that the plaintiff and other employees were harmed by a common policy or plan. Id. at 25.

The plaintiff argues that the defendant "quibble[es]" with the sufficiency of the facts she alleged in the complaint. Dkt. No. 18 at 1. She asserts that she has adequately pled that she should be compensated for the time spent logging into her computer and using the Fleetfocus software prior to the start of her shift (regardless of whether she was working every minute of that time) and that the defendant had actual or constructive notice that people were working prior to the start of their shifts; that the amounts employees received each year were bonuses, not gifts; and that the interruptions during meal breaks "left her with an insufficient amount of time to eat a meal comfortably," such that the meal breaks should not have been deducted from her hours worked. Id. at 2. She asserts that she has adequately pled facts that, with the benefit of discovery, "may" enable her to make a sufficient showing for collective and class certification. Id.

The defendant's reply brief reasserts its argument that the complaint remains "heavy on conclusions and light on facts." Dkt. No. 19 at 8. The

5

defendant argues that the plaintiff has not explained what she did between the time she logged on to the computer and the time she started her shift, has not described the bonus other than to say that it was paid annually at year's end and has not explained how the interruptions during her lunch breaks were "predominantly" for the defendant's benefit. Id. The defendant points out that the court reminded the plaintiff that she had the option to amend her complaint rather than oppose the motion to dismiss, and that the plaintiff's failure to do so suggests that cannot allege the facts the defendant identifies as missing. Id. The defendant asserts that because the plaintiff had the opportunity to amend and did not, the court should dismiss the entire complaint with prejudice. Id. It argues that if the court does not dismiss the complaint outright, it should strike or dismiss the class and collective allegations because there are no facts suggesting that the plaintiff and others were subject to a common policy. Id. at 9.

A.    Legal Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." Haywood v. Massage Envy Franchising, LLC, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted); see also Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts the plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in the plaintiff's favor. Fortres Grand Corp. v. Warner

Bros. Entm't Inc., 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations," but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." Bell v. City of Chi., 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

B.      Complaint

The plaintiff asserts three grounds for relief under the FLSA and Wis. Stats. §§103.02 and 109.03: (1) a pre-shift overtime claim; (2) a bonus claim; and (3) a lunch break claim. Dkt. No. 1. She seeks to bring a collective action under FLSA and a Rule 23 class on the first two claims; the lunch break claim is an individual claim. Id.

1.      *Pre-shift Overtime Claim*

The complaint alleges that the plaintiff worked as an inventory specialist at the defendant's corporate headquarters in Brownsville, Wisconsin. Dkt. No. 1 at ¶5. Among other things, she obtained inventory for individuals who came to the warehouse where she worked. Id. The plaintiff alleges that she regularly started work thirty to forty-five minutes before the shift start time of 6 a.m. to keep up with her responsibilities. Id. at ¶¶8-9. She claims no one told her she wasn't allowed to start work early. Id. at ¶8. The plaintiff alleges that at the beginning of each shift, she either had to turn on or log onto her computer, "then access Fleetfocus software to log in." Id. at ¶9. The plaintiff asserted that she was "required" to use the Fleetfocus software "throughout her workday to perform her work for [the defendant], so that her time spent accessing her computer and accessing Fleetfocus software" was "integral and indispensable to her performance of principal activities" for the defendant. Id. at ¶10. She

7

asserts that when she signed in on Fleetfocus, a time stamp was generated that the defendant could access. Id. at ¶9. She also alleges that at the beginning of each day, she was required to sign a form to verify that she was not suffering from work-related injuries, and argues that it would have been possible for her to sign that form, and note the time, immediately before turning on or logging on to her computer. Id. at ¶12.

Before February of 2020, the plaintiff was required to enter the number of hours she worked each day into a different computer program. Id. at ¶13. On days when the plaintiff was scheduled to work from 6 a.m. to 5 p.m., her supervisor instructed her to enter 10.5 hours regardless of when she started working. Id. The plaintiff alleges that even after she was no longer required to enter her hours, she continued to get paid based on scheduled hours rather than the earlier times she punched into Fleetfocus. Id. at ¶14.

The plaintiff says that the defendant "neither promulgated nor enforced any work rules that prohibited its employees from starting work before their scheduled start times." Id. at ¶17. She alleges that she regularly witnessed other employees who were starting as soon as they arrived rather than waiting for their start times. Id. at ¶8. She avers that, upon information and belief, all non-union employees—even if they did not use a computer or Fleetfocus during the day—had to sign in on the Fleetfocus software to begin each day. Id. at ¶11. The plaintiff alleges that the defendant knew or should have known that employees were punching in to Fleetfocus before their scheduled shift start times, but that the defendant "accepted the benefits of the employees' additional work without investigating whether the employee were in fact working as soon as they punched in on Fleetfocus software." Id. at ¶16.

### 2. *Annual Bonus*

The plaintiff says that the defendant failed to include her annual bonus in computing her overtime rate. Id. at ¶¶19-20, 30-33, 50. Other than stating that the defendant paid this bonus to each of its hourly employees at the end of every year, the complaint contains no other allegations about the bonuses. Id. at ¶¶19-20.

### 3. *Lunch Breaks*

Finally, the plaintiff alleges an individual claim under state and federal law based on interrupted lunch breaks. Id. at ¶¶46, 49, 56, 58. She asserts that she was scheduled to take lunch between 12:00 and 12:30 p.m. but that often she had to "assist someone who came to the warehouse during her meal break to obtain inventory and to log the supplied inventory in into the Fleetfocus software, if necessary." Id. at ¶¶21-22. She alleges that her supervisors often told her to expect someone to come to the warhouse between 12:00 and 12:30 p.m., but that they never told her that she could take her meal break during any other time period. Id. at ¶23. She asserts that sometimes there were supervisors in the warehouse who saw, or even helped, her obtain inventory for someone who came in between 12:00 and 12:30 p.m. Id. at ¶24. The plaintiff says that there were days when the interruptions did not leave her time to comfortably eat a meal. Id. at ¶25. She says that no one ever told her that she should extend her meal break so that she would receive an uninterrupted, 30-minute meal break, id. at 26, that no one ever told her she should report the interrupted meal breaks, id. at ¶28, and that thirty minutes always was deducted from her worktime, even when a supervisor had witnessed her lunch break being interrupted, id. at ¶29.

9

C.    Analysis

   1.   *Individual Claims*

      a.   Pre-Shift Overtime Claim

"A claim for overtime wages is plausible if the plaintiff's factual allegations support a reasonable inference that there was at least one workweek in which [s]he worked more than forty hours and did not receive overtime pay." Frisby v. Sky Chefs, Inc., No. 19 C 7979, 2020 WL 4437805, at *5 (N.D. Ill. Aug. 3, 2020) (citing Hirst v. Skywest, Inc., 910 F.3d 961 (7th Cir. 2018), cert. denied, 139 S. Ct. 2745 (2019), and 139 S. Ct. 2759 (2019)). Plaintiffs are not required to "plead specific dates and times that they worked undercompensated hours," but they still "must provide some factual context that will nudge their claim from conceivable to plausible [and] must allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." Hirst, 910 F.3d at 966 (internal citations and quotations omitted).

Judge Conley in the Western District of Wisconsin observed that "federal courts have diverged somewhat on the question" of how much specificity the FLSA requires. Bitner v. Wyndhams Vacation Resorts, Inc., No. 13-cv-451-wmc, 2013 WL 5878724, *4 (W.D. Nov. 1, 2013). Ultimately, whether a plaintiff has pled a plausible claim is context-specific and requires the use of common sense. Id. Where the plaintiffs alleged that they worked more than forty hours a week and were not paid because of the defendant's policies, Judge Conley found it sufficient for the court to infer "possible entitlement to relief assuming those facts prove true" and required no further level of detail at the pleading stage. Id. On the other hand, a district court in Illinois determined that a complaint was insufficient where the plaintiff alleged only that he regularly

10

worked more than 40 hours per week but was not paid the proper overtime. Robertson v. Steamgard, No. 11 C 8571, 2012 WL 1232090, at *1 (N.D. Ill. Apr. 12, 2012) ("Brevity is laudable, but can be taken too far. The factual allegations in the complaint are exceptionally terse and do not enable the reader of the complaint to understand any of the factual underpinnings of the claims.").

Some circuits have imposed a heightened pleading standard for FLSA claims. The First and Second Circuits have held that a plaintiff must point to a specific work week where she worked more than forty hours without appropriate compensation. See, e.g., Pruell v. Caritas Christi, 678 F.3d 10 (1st Cir. 2012); Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). The defendant cites the First Circuit, which affirmed the dismissal of a FLSA claim where the plaintiffs alleged that "[t]hroughout their employment with defendants, Plaintiffs regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay." Pruell, 678 F.3d at 13. The Pruell court explained that "[t]he key statement—'regularly worked hours over 40 in a week and were not compensated for such time'—is one of those borderline phrases . . . . Standing alone, the quoted language is little more than a paraphrase of the statute." Id. The court further explained:

> The harder question is whether the deficiency [as to the allegations of working over 40 hours in a week] is cured by three general allegations in the complaint— namely, charges that [the defendant] requires unpaid work through meal-breaks due to an automatic timekeeping deduction, unpaid preliminary and postliminary work, and unpaid training sessions.

Id. The court found the first of those three—that the defendant required unpaid work through meal breaks—to be "the most concrete." Id. at 14. Nevertheless, it concluded that the complaint failed to provide examples (or even estimates)

11

of unpaid time, did not describe the nature of the work performed during those times and did not address whether other compensation may have offset any deficiency in compensation for unpaid time. Id. The First Circuit did conclude, however, that the plaintiff should have an opportunity to amend and that "some latitude" should be given "where a claim looks plausible based on what is known." Id. at 15.

Even under this circuit's more liberal pleading standards, it is a close call whether the plaintiff has stated a claim. She has alleged that she regularly "started work" thirty to forty-five minutes before her scheduled start time of 6 a.m.; that she used the Fleetfocus software to sign in (and that she was required to use that software to perform her work); that at one point, she was instructed by her supervisor to always record 10.5 hours per day; that she regularly worked more than forty hours per week (so the pre-shift hours would have put her over forty hours); and that she needed to log in early to keep up with her work. These allegations imply that the reason the plaintiff logged in thirty to forty-five minutes early was so that she could start working and so that she could complete all the work she needed to complete.

On the other hand, the complaint alleges that "the time spent accessing her computer and accessing Fleetfocus software is integral and indispensable to her performance of principal activities for [the defendant]." Dkt. No. 1 at ¶10. This sounds as if the plaintiff is claiming that the act of turning on the computer and accessing the software makes any time between those acts and the start of her shift compensable, whether she was working or going to get coffee or balancing her checkbook online.

The defendant says that the complaint should have described the specific tasks that the plaintiff performed pre-shift in order to disavow the "obvious

12

alternative explanation" that "during those 30 to 45 pre-shift minutes, [the plaintiff] was 'completely relieved from duty' for a 'long enough [time] to enable [her] to use the time effectively for [her] own purposes,' such as by chatting with friends, checking social media, or reading the news." Dkt. No. 16 at 20 (citing Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 567 (2007); 29 C.F.R. §785.16; Wis. Admin. Code §DWD 272.12). The court agrees that that would have been helpful; if the complaint had alleged, for example, that part of the plaintiff's job was to make a record of any inventory she'd helped fetch the day before and that she used the early-morning time on Fleetfocus to do that, it could have headed off the motion to dismiss this individual claim. And, as the defendant points out, workers are not compensated under FLSA for "preliminary or postliminary" activities; activities undertaken for the employee's convenience are preliminary or postliminary. Kellar v. Summit Seating, Inc., 664 F.3d 169, 175 (7th Cir. 2011); 29 U.S.C. §254. FLSA applies only to the employee's principal activity. Chagoya v. City of Chi., 992 F.3d 607, 618 (7th Cir. 2021); 29 U.S.C. §254(a).

The defendant also argues that the plaintiff should have described the Fleetfocus software and how it relates to obtaining inventory. Dkt. No. 19 at 11. The court finds that argument less persuasive; the defendant presumably purchased and required its employees to use the Fleetfocus software, so it ought to have knowledge of the software and the purposes for which it is used.

At any rate, while it would have been helpful for the plaintiff to explain what she was doing pre-shift and why she needed to work longer than her scheduled shift to get her work done, the fact remains that she *has* alleged that she needed to do so to keep up with her work. While the allegations are thin, the court concludes that they are sufficient under the more liberal pleading

13

standard utilized by the Seventh Circuit. The court will allow the plaintiff to proceed on her individual pre-shift overtime claim.

b.    Bonus and Overtime Rate

Section 207(e) of Title 29 defines the "regular rate" at which employees must be paid. Section 207(e)(1) excludes from the "regular rate" "payments in the nature of gifts made at holiday time or on other special occasions, as a reward for service, the amounts of which are not measured by or depending on hours worked, production, or efficiency." Section 207(e)(3) excludes amounts paid at the sole discretion of the employer. See also, 29 C.F.R. §778.211(b) (defining "discretionary" bonuses); 29 C.F.R. §778.212 (defining "gifts" and "in the nature of a gift").

As the defendant has argued, the plaintiff has provided no information about the "bonuses" that she says she says should have been included in her regular rate of pay, other than to say that she and other employees received them annually at the end of the year. The plaintiff insists that it is sufficient to allege that every employee received the annual bonus each year. Dkt. No. 18 at 14. She asserts that because the defendant "presumably" is the only one who has access to information about what bonuses are paid to employees each year, the court should presume her allegations to be true, even though she pleads them on information and belief. Id. (citing Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005)). She cites to cases from the Second Circuit and the Central District of California for the proposition that bonuses that are routinely given such that they "create an expectation amongst the employees that they would receive them must be included in the regular rate though the employees' right to receive the bonuses is not legally enforceable." Id. at 15.

14

The court will grant the motion to dismiss the claim that the bonuses should have been added to the regular rate of pay for purposes of calculating overtime. The plaintiff alleges only that "upon information and belief, at the end of each year [the defendant] paid a bonus to each and every one of its hourly employees, except upon information and belief to the extent paying such a bonus would be inconsistent with a collective bargaining agreement covering its union employees." Id. at ¶19. The complaint does not allege that the bonus was something that the defendant promised to pay as part of the plaintiff's compensation or that the amount of the bonus was the same every year. The complaint asserts that the defendant surrendered its discretion by paying a bonus every year. Id. at ¶50. But paying an employee a bonus each year does not, by itself, make the bonus non-discretionary.

The plaintiff's argument that the court must presume her allegations to be true because "presumably" the defendant is the only one with access to information about the bonuses paid each year has no merit. True, the Seventh Circuit has said that when "pleadings concern matters peculiarly within the knowledge of the defendants," courts should liberally view conclusory pleadings based on information and belief. Brown, 398 F.3d at 914 (quoting Tankersley v. Albright, 514 F.2d 596, 964 n.16 (7th Cir. 1975)). But the *plaintiff* has access to information about any bonuses *she* received.[1] She knows what she was told, or what her pay stub indicated, about any bonuses she received. And if she has "information and belief" that other employees received annual, year-end

_____

[1] It is not clear how many annual, year-end bonuses the plaintiff might have received because the complaint does not allege how long she has worked for the defendant. She was there as of February 2020, dkt. no. 1 at ¶14, and the complaint was filed in April 2021, so the court can conclude only that she has received at least one.

15

bonuses, she likely has "information and belief" about the nature of the bonuses.

While it is frustrating that the plaintiff chose to pass on the court's invitation to amend the complaint and possibly avert the filing of this motion to dismiss, the court has not entered a scheduling order and the court—not the plaintiff—is responsible for the delay in ruling on this motion. The court will give the plaintiff leave to amend the complaint to try to state a claim regarding the annual, year-end bonuses.

c.  Interrupted Meals

Because brief interruptions of a meal break do not render the break compensable, see Barefield v. Vill. of Winnetka, 81 F.3d 704, 710 (7th Cir. 1996), the defendant asks the court to dismiss this claim. The defendant argues that the plaintiff has failed to plausibly allege that she spent her meal breaks for the benefit of the defendant or otherwise gave up a substantial measure of her time. Dkt. No. 16 at 29.

The plaintiff responds that her meal breaks were interrupted because she had to retrieve and potentially log inventory. Dkt. No. 18 at 19. She asserts that that clearly benefitted the defendant and anything beyond that is an affirmative defense that she need not anticipate in her complaint. She asserts that she has adequately pled that she was unable to comfortably eat a meal before or after the interruptions. Id. at 20 (citing Dkt. No. 1 at 20).

The defendant suggests the plaintiff should have alleged how often the meal breaks were interrupted and/or how long it took for her to get the inventory. Dkt. No. 19 at 18. The test, according to the defendant, turns on whether the plaintiff spent a "substantial measure" of her time on the work

16

tasks. Id. (quoting Miller v. ThedaCare Inc., No. 15-C-506, 2018 WL 472818, at *9 (E.D. Wis. Jan. 18, 2018)).

While her allegations in support of this claim, like her allegations regarding the pre-shift work, lack specificity, the plaintiff has stated a plausible claim. She says that her breaks were "often" interrupted because she would assist someone with inventory and have to log the supplied inventory on the software. Id. at ¶22. She has alleged that her supervisors "often" told her to expect someone on her meal break but never told her to take lunch at a different time; she has alleged that there were days that her lunch was interrupted so she couldn't eat comfortably. Id. at ¶25. She has alleged that no one ever told her she should extend her break when it was interrupted or that she should report the interrupted meal breaks. Id. at ¶¶26, 28. She has alleged that the defendant deducted thirty minutes for her meal breaks, even when a supervisor was present and knew that the plaintiff's meal break had been interrupted, id. at ¶29, and even when the plaintiff did not have time to comfortably eat, id. at ¶25.

The court will deny the motion to dismiss the interrupted meals claim.

### 2. *State Law Claims For Unpaid Lunch Periods*

The defendant argues that the court may decline to exercise supplemental jurisdiction over the plaintiff's state law claim once the federal claims drop out of the case. 28 U.S.C. §1367(c)(3). Because the court has concluded that the plaintiff has stated pre-shift overtime and interrupted meal claims under FLSA, the court will exercise supplemental jurisdiction.

### 3. *Class Allegations*

According to the defendant, the plaintiff has not plausibly alleged that she and others were victims of a common policy or plan that violated the law,

such that there is a factual nexus between her and the class members that would allow them to be treated as one person. Dkt. No. 16 at 34. The defendant asserts that the plaintiff has not alleged that there was a policy or even that the defendant failed to pay anyone else for their overtime work. Id. at 35. It asserts that while the plaintiff alleges that her supervisor told her to record 10.5 hours each day, she hasn't alleged that all supervisors gave the same instructions. Id. at 36. The defendant also argues that the plaintiff has alleged nothing about how the annual bonus affected (or didn't affect) anyone else's rate of pay. Id. at 37.

The plaintiff responds that the court must deny a motion to dismiss when it is plausible that she will be able to satisfy the Rule 23 requirements after conducting discovery. Dkt. No. 22 at 20 (citing Ladik v. Wal-Mart Stores Inc., 291 F.R.D. 263, 29 (W.D. Wis. 2013)). Alternatively, she insists that she has adequately pled that the defendant had uniform policies that undercounted worktime for the "hundreds of employees who would punch in on FleetFocus or similar software at the beginning of their work days. Id. (citing dkt. no. ¶33). She believes the court can reasonably infer that there was a policy that applied to everyone and that other employees "could be harmed by those uniform policies under the FLSA if they worked more than 40 hours per week." Dkt. No. 18 at 23, 24. Finally, the plaintiff asks that the court grant her leave to amend if it finds any part of the complaint to be deficient. Id. at 26.

The plaintiff was under the impression that she gets only one opportunity to amend a complaint under Rule 15(a)(1) so, and said that it was for that reason that she chose not to amend. She says:

> If Beyer uses up her one and only opportunity to amend the complaint to add allegations that she in good faith believes are not necessary in the Complaint, then she would need the Court's leave to amend should her counsel's review of her time and payroll records

18

> obtained through discovery reveal additional claims that should be
> added to the Complaint. Beyer therefore cannot be faulted for
> opposing Michel's motion to dismiss to preserve her one and only
> opportunity to amend her complaint without leave of Court.

Dkt. No. 18 at 26. She reminds the court that courts should freely grant leave to amend and that there were genuine disagreements between the parties about what satisfies the pleading standards. Id.

The defendant replies that the plaintiff failed to allege "any facts suggesting that even a single other employee was subject to the unlawful practices of which she complains." Dkt. No. 19 at 19. The defendant points out that while the plaintiff says that she observed others arriving early and starting work and that others received a bonus, she has not alleged that the defendant failed to pay the other employees for their overtime hours or that the defendant failed to include any eligible bonus in their regular rate of pay. Id. at 20.

The plaintiff has failed to adequately plead collective or class claims with respect to pre-shift overtime or bonuses. She has not alleged that there was a uniform policy (independent of what a single supervisor said or did) that applied to logging in early or to bonuses, she has not alleged that other employees weren't properly compensated or that the bonus was anything other than a year-end gift. The complaint contains very few allegations regarding what the plaintiff attempts to characterize as "class" or "collective" claims. The court will grant the motion to strike these allegations, but will allow the plaintiff to file an amended complaint.

## III. Plaintiff's Rule 7(h) Expedited Non-Dispositive Motion to Stay (Dkt. No. 21)

On July 26, 2021, the plaintiff filed another Rule 7(h) expedited, non-dispositive motion, this one asking the court to stay ruling on the motion to dismiss. Dkt. No. 21. As best the court can tell, the plaintiff meant to ask the

19

court to stay ruling on the motion to dismiss *if* the court determined that the pleading is inadequate; she states that "if the Court finds [that she] need[s] to plead more facts in her Complaint . . ., the Court should stay the motion to dismiss, and allow [her] to conduct discovery so that she can adequately plead facts to meet the Court's defined pleading standard on these topics." Id. at 3. The request relates to the defendant's argument that the court should impose the stricter First Circuit pleading standard; the plaintiff wanted time to re-plead her claims if the court agreed that the higher standard was appropriate.

The court agrees that the Seventh Circuit's FLSA pleading standard is more liberal and that that standard applies. Even under that standard, however, the plaintiff has failed to adequately allege the individual claim with respect to bonuses and the class or collective claims with respect to pre-shift overtime and bonuses. She only barely adequately pled the individual pre-shift and meal break claims.

The court will deny the plaintiff's motion as moot, however, because in ruling on the motion to dismiss, the court has decided to allow the plaintiff to do what she elected not to do earlier—amend the complaint.

## IV. Conclusion

The court **DENIES** the plaintiff's expedited motion to file a sur-reply. Dkt. No. 20.

The court **GRANTS** the defendant's motion to dismiss to the extent that the defendant asks the court to dismiss the claim based on the defendant's failure to calculate the annual bonus in the regular rate of pay and to strike the class or collective claims. Dkt. No. 15.

The court **DENIES** the defendant's motion to dismiss to the extent that it asks the court to dismiss the claims based on pre-shift compensation and meal breaks. Dkt. No. 15.

The court **GRANTS** the plaintiff's request that the court allow her to file an amended complaint. Dkt. No. 18.

The court **ORDERS** that if the plaintiff wishes to file an amended complaint, she must do so by the end of the day on **April 15, 2022**. If the court does not receive an amended complaint by the end of the day on April 15, 2022, the court will allow the plaintiff to proceed on her individual claims for pre-shift compensation and meal breaks, and will set a deadline by which the parties must file their Rule 26(f) report.

The court **DENIES AS MOOT** the plaintiff's expedited motion to stay ruling on the motion to dismiss. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 28th day of March, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**