UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMANDA BEYER,

    Plaintiff,

v.

                                  Case No. 21-cv-514-pp

MICHELS CORPORATION,

    Defendant.

**ORDER GRANTING DEFENDANT'S RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

On June 4, 2024, the defendant filed a Civil L. R. 7(h) expedited, non-dispositive motion to extend its deadline by which to respond to plaintiff's third amended complaint. Dkt. No. 105. The next day, the plaintiff filed a brief in opposition. Dkt. No. 106. The defendant has shown good cause and the court will grant the motion.

**I.   Background**

In a hearing held May 14, 2024, the court granted the plaintiff's motion for leave to file a third amended complaint on the condition that the plaintiff's counsel must re-draft the proposed third amended complaint attached to the motion. Dkt. Nos. 53, 54, 100. The court explained that it found the proposed third amended complaint "extremely difficult to follow." Dkt. No. 103 at 17. The court stated:

1

> The biggest concern that I have about this motion is the last part of it, which is the difficulty in following the allegations in this proposed third amended complaint, which is at Docket Number 54-1. As I said earlier, I feel like we've kind of ended up back at square one.
>
> I've read through the proposed third amended complaint, and I can't tell -- I can't determine which claims or which allegations apply individually to Ms. Beyer, which apply to the collective, and which apply to the class. The way this document is set up, and I agree with Mr. Ho it's not "unintelligible", but it's simply difficult, if not in some places impossible, to figure out which claims apply where and to whom and even how many there are.

Id. at 14-15.

The court expressed frustration that after years of litigation, the plaintiff's receipt of discovery had resulted in the plaintiff filing a proposed third amended complaint that neither the defendant nor the court could follow. Dkt. No. 100 at 2. The court said, "I don't understand why at this stage when—when lack of clarity in the complaint has been an issue pretty much since the very first version, and now we've got a fourth version, and it's still an issue." Dkt. No. 103 at 18. Despite this frustration, the court granted the plaintiff's motion with the following understanding:

> Here's what I'm going to do, I am going to grant the motion -- I'm going to allow you – I'm not going to allow you to file the proposed third amended complaint at Docket Number 54-1. I am going to give you time to re-craft the third amended complaint to make it clearer, and this is going to be the last time. There are not going to be anymore amended complaints. The defendant already has responded to four amended complaints -- I mean four complaints. There are not going to be anymore amended complaints. This is the last shot.

Id. at 19.

After the plaintiff's counsel stated that he needed only two weeks from the date of the hearing to redraft and re-file the third amended complaint, the court ordered the plaintiff to file a corrected version of the proposed third amended complaint by the end of the day on May 31, 2024. Id. The court explained that defense counsel "will have the option of responding to [the redrafted third amended complaint] or filing a Motion to Dismiss," and commented that "[i]f [the defendant files] a Motion to Dismiss, we're just going to have to cross that bridge." Id.

On May 31, 2024, the plaintiff filed a new version of the third amended complaint. Dkt. No. 104. Five days later, on June 4, 2024, the defendant filed a Civil Local Rule 7(h) (E.D.Wis.) expedited, non-dispositive motion to extend its deadline by which to respond to that third amended complaint. Dkt. No. 105. The motion asks the court to extend the defendant's deadline to respond by fourteen days, from June 14, 2024 to June 28, 2024. Id. at 1. In support of the request, the defendant explains that "[c]ounsel for Defendant is subject to deadlines in other cases in the coming weeks, including summary judgment briefing in [one state-court case]; briefing on a dispositive motion in [one state case and one federal case]; appeals in multiple Wisconsin state-court matters; and various discovery obligations." Id. at 1-2. The defendant advises the court that counsel "conferred with Plaintiff's Counsel, who stated they oppose this request." Id. at 2.

The following day, on June 5, 2024, the plaintiff filed a brief opposing the motion. Dkt. No. 106. The plaintiff contends that "[t]here is no justification for

3

[the defendant] to respond to the Third Amended Complaint with anything other than an answer" because "[t]he Court has already denied [the defendant's] Motions to dismiss the claims that are advanced by Counts I and IV of the Third Amended Complaint, as well as the Plaintiff's collective and class allegations." Id. at ¶2. The plaintiff asserts that the defendant "especially is not entitled to any relief from the Court because any difficulty with scheduling was solely created by its own counsel[,]" before describing the procedural postures in three cases where defense counsel have other obligations. Id. at ¶¶3-5. The plaintiff characterizes the defendant's request as "the latest in a disturbing pattern of [the defendant's] counsel asking for extensions whenever possible, rather than comply with the deadlines imposed by the Federal Rules of Civil Procedure." Id. at ¶6. Finally, the plaintiff claims that she "will suffer substantial prejudice if the Court permits [the defendant] to further delay the completion of pleadings" because further delay could bar collective members from recovering due to the applicable statute of limitations. Id. at ¶7.

## II.    Legal Standard

Rule 15(a)(3) of the Federal Rules of Civil Procedure establishes the deadline for responding to an amended complaint: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Under Fed. R. Civ. P. 6(b)(1)(A), the court may grant motions for extension of

time filed before the original deadline passes if the requesting party establishes "good cause."

**III.   Analysis**

The court first reminds the parties that it expects compliance with the local rules of this district. See Rongere v. City of Rockford, 99 F.4th 1095, 1101 (7th Cir. 2024) ("'[D]istrict courts may require strict compliance with their local rules—a point we have recognized time and again.'" (quoting Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020)). The plaintiff's brief in opposition to the motion is four pages long, even though Civil L.R. 7(h)(2) states, "The respondent's memorandum must not exceed 3 pages."[1]

The defendant has shown good cause for the court to extend its deadline to respond to the plaintiff's redrafted third amended complaint by fourteen days. The defendant explained that counsel has deadlines in other cases in the coming weeks, including at least three dispositive motions deadlines. Dkt. No. 105 at 1-2. Although the plaintiff asserts that "any difficulty with scheduling was solely created by [defendant's] own counsel[,]" dkt. no. 106 at ¶3, the good

---

[1] At the May 14, 2024 hearing, the court made the following statement about expecting parties to comply with the local rules:

> I think we've had this conversation before Mr. Ho in this case even. I expect attorneys to comply with the local rules. And failure to comply with the local rules, that causes unnecessary litigation especially in a case like this one which has already been shall I say somewhat fraught is—Well, I'll just say it is not a great way to proceed.

Dkt. No. 103 at 3.

cause standard does not require this court to flyspeck an attorney's other obligations to determine whether they are to blame for "any difficulty with scheduling." In this case, the defendant has acted diligently by filing its motion for an extension five days after service of the redrafted third amended complaint and providing a reasonable explanation for its request for a short extension.

Despite the plaintiff's assertion that "[t]here is no justification for [the defendant] to respond to the Third Amended Complaint with anything other than an answer[,]" id. at ¶2, the rules allow a defendant to answer or otherwise respond to an amended complaint. When the court granted the plaintiff's motion to file the third amended complaint at the May 14th hearing, the stated that the defendant "will have the option of responding to it or filing a Motion to Dismiss" and commented that "[i]f it's a Motion to Dismiss, we're just going to have to cross that bridge." Dkt. No. 103 at 19. The court will not deprive a defendant of its right to file a motion to dismiss (or some pleading other than an answer) solely because the plaintiff's counsel believes that the newly-drafted third amended complaint is so well-crafted that it provides no basis for the defendant to seek its dismissal.

The court shares plaintiff's frustration with the delays in this case. The court expressed this frustration at the May 14th hearing. The court disagrees, however, with the plaintiff's attempt to place the full responsibility for the delays on the defendant. See Id. at ¶6. At the May 14th hearing, the court recounted that "[t]he defendant already has responded to four . . . complaints,"

6

dkt. no. 103 at 19, and that the lack of clarity in the third amended complaint made the court "feel like we've kind of ended up back at square one," dkt. no. 103 at 12, 14-15. The delays cannot be laid solely at the feet of the defendant. The plaintiff—and admittedly, the court itself—share responsibility for the slow pace of the litigation.

The court **GRANTS** the defendant's motion to extend time to respond to the plaintiff's third amended complaint. Dkt. No. 105. The court **ORDERS** that the time for the defendant to file an answer or other responsive pleading to the complaint is **EXTENDED** until the end of the day on June 28, 2024.

Dated in Milwaukee, Wisconsin this 7th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**