UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMANDA BEYER,

        Plaintiff,

        v.

                                  Case No. 21-cv-514-pp

MICHELS CORPORATION,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 117) AND ADMINISTRATIVELY CLOSING CASE**

---

On May 31, 2024, the plaintiff filed a third amended complaint in this wage and hour class action under the Fair Labor Standards Act (FLSA) and Wisconsin law. Dkt. No. 104. On August 12, 2025, the court granted in part and denied in part the defendant's motion to dismiss the third amended complaint. Dkt. No. 116. The court dismissed all class and collective action claims, leaving only the plaintiff's individual claim for interrupted meal breaks. Id. at 21. On August 22, 2025, the plaintiff filed a motion for reconsideration of that order under Federal Rule of Civil Procedure 54(b). Dkt. No. 117. Because the plaintiff has presented no grounds for reconsideration, the court will deny the motion. And because the parties have reached a settlement in principle on the remaining claim, see dkt. no. 121, the court will administratively close this case pending the filing of settlement documents.

1

## I. Order on Motion to Dismiss (Dkt. No. 116)

The court granted in part the defendant's motion to dismiss the third amended complaint because that complaint was too confusing and unclear to give the defendant fair notice of the plaintiff's claims. Dkt. No. 116. As to Count I—titled "Failure to Properly Compensate Employees Whose Jobs Required Them to Use Their Michels Assigned Computers on a Daily Basis"—the court found that the third amended complaint did not clearly describe the time for which the defendant allegedly failed to compensate its employees. Id. at 16. The court stated that Count I was pled in such a confusing way that it wasn't clear if the plaintiff was "challenging the rounding practice, the practice of supervisors editing punch-in times or the failure to compensate employees for the time spent logging into their computers before their workday began." Id. at 17. The court also found this claim deficient because it did not cite the Wisconsin statute the defendant allegedly had violated. Id. at 17–18 (quoting Milakovich v. L. J. Ross Assocs., Inc., Case No. 19-cv-1353, 2020 WL 620186, at *2 (E.D. Wis. Feb. 10, 2020)).

The court next found that Count II—titled "Unlawful Rounding of Supervisor Approved/Adjusted Punch-in and Punch-out Times"—was not clear as to which employees' punch-in and punch-out times the defendant allegedly improperly rounded. Id. at 18–19. The court stated that it was not clear whether the allegations in this count challenged the rounding of all punches or the rounding of supervisor edited punches. Id. at 19. The court found that there would be an overlap between the claims in Count I and Count II for

2

"computer users," as the plaintiff put it, which the plaintiff attempted to salvage by stating that the remedies either would be "complementary" or "in the alternative" depending on the recovery. Id. The court stated that the complaint did not sufficiently allege a uniform policy of rounding punch-out times. Id. The court also determined that Count II did not identify the Wisconsin law claim it was bringing, if any. Id. at 19–20.

The court reviewed Count III and found that it was not clear whether the plaintiff was challenging the defendant's alleged practice of rounding meal break punches or challenging the alleged practice of automatically deducting 0.5 hours from employees' shifts for meal periods. Id. at 20–21. The court dismissed Counts I, II and III with prejudice because they were unclear and because the plaintiff had had several previous opportunities to draft a proper complaint. Id. at 22.

## II.     Motion for Reconsideration (Dkt. No. 117)

### A.     Plaintiff's Brief (Dkt. No. 118)

The plaintiff filed a motion for reconsideration of the court's order, arguing that the court "misunderstood" the third amended complaint and "erred" by stating that the plaintiff must identify the Wisconsin statutes under which she brought her claims. Dkt. No. 118 at 2–3. The plaintiff argues that the defendant "concocted a complicates [sic] scheme to shave hours worked" and so she "could not have simplified her Complaint" to make the alleged scheme clearer. Id. at 1–2. She argues that the court's summary of the third amended complaint shows that the court "patently misunderstood" her

3

complaint. Id. at 3. She argues that there were no internal inconsistencies in her third amended complaint and elaborates on the allegations to try to explain the intent of each paragraph's allegations. Id. at 3–5. The plaintiff argues that the court "ignored controlling precedents" which state that a complaint does not have to "plead any legal theories such as the statute that the claim is based upon." Id. at 5.

The plaintiff argues that the court cannot dismiss a complaint "just because it includes repetitious or irrelevant matters" or "a disposable husk around a core of proper pleading." Id. (citing Davis v. Ruby Foods, Inc., 269 F. 3d 818, 820 (7th Cir. 2001)). She argues that the complaint need only be "intelligible" and give the defendant fair notice of her claims. Id. The plaintiff stresses that her complaint is not so lengthy or so filled with gibberish as to qualify as unintelligible under Seventh Circuit law. Id. at 6 (collecting cases). She argues that she can clarify her allegations through briefing and that any confusion or ambiguity can be dealt with by means other than dismissal. Id. at 7.

Turning to Count I of the third amended complaint, the plaintiff argues that she is alleging the defendant improperly rounded supervisor-adjusted punch-in times for employees using computers. Id. at 8–10. She argues that she is challenging how the defendant set up its payroll software rather than how supervisors adjusted computer users' punch-in times. Id. at 10. The plaintiff argues that though the court posed three possible interpretations of this claim in its order, none of them are correct and the court misapprehended

4

the claim. <u>Id.</u> The plaintiff contends that the defendant should have rounded computer users' actual punch-in times rather than their supervisor-adjusted punch-in times. <u>Id.</u> She argues that the court erred by dismissing this claim as unintelligible when "Paragraph 54 clearly explains what the claim is." <u>Id.</u>

The plaintiff maintains that the court committed an error of law by requiring the plaintiff to cite to Wisconsin statutes in her complaint. <u>Id.</u> at 10–11. The plaintiff argues that complaints are not required to plead "either facts or legal theories." <u>Id.</u> at 11 (citing <u>Kirksey v. R.J. Reynolds Tobacco Co.</u>, 168 F. 3d 1039, 1041 (7th Cir. 1999)). According to the plaintiff, citing a statutory subsection is the equivalent of pleading a "legal theory," which is not required. <u>Id.</u> at 11–12 (collecting cases). She argues that the third amended complaint pleads that she can use Wis. Stat. §109.03 to recover wages owed due to the defendant's alleged rounding practice. <u>Id.</u> at 12–13.

The plaintiff presents similar arguments in support of Count II of the third amended complaint. <u>Id.</u> at 13. She argues that Paragraph 66 clearly explains that she is alleging the defendant violated the FLSA "by rounding supervisor approved or adjusted punch-in and punch-out times to the quarter hour that would minimize their number of hours worked for the day rather than always to the nearest quarter hour." <u>Id.</u> at 14. She states that this claim challenges "supervisor approved/adjusted punch times," which she clarifies actually means all punch times that were either supervisor approved or supervisor adjusted. <u>Id.</u> She argues that the complaint does not allege supervisors adjusted punch-out times, so Count II challenges only the

5

rounding of employees' actual punch-out times. Id. at 15. The plaintiff argues that Count I challenges which punch-in time the defendant rounded while Count II challenges the method by which the defendant rounded both punch-in and punch-out times. Id. at 15. The plaintiff argues that any confusion is due to the defendant's own confusing system for modifying and rounding punches. Id. at 16. She asserts that she must accurately explain this confusing system in the complaint, and that she has done so. Id. The plaintiff reiterates her argument that she need not identify a Wisconsin statute supporting her state law claim for the defendant's rounding policy. Id. at 17. She says that she is entitled to plead in the alternative that she can recover whether or not Wisconsin law permits rounding. Id. at 17–18.

The plaintiff argues that Count III brings two separate claims. Id. at 18. She asserts Count III claims that (1) the defendant cannot deduct meal periods from employees' hours worked if they took a meal period of less than twenty minutes based on their punches and (2) the defendant improperly rounded down employees' hours worked after deducting the actual duration of the meal period from employees' hours. Id. at 18–19. She argues that the latter claim challenges the rounding practice only if the meal period was between twenty and twenty-nine minutes. Id. at 19. She asserts that the core of this claim is the rounding policy and that she never alleged that there is a practice of automatically deducting a flat 0.5 hours from employees' hours worked. Id. at 19–20. The plaintiff argues that there is no requirement that she plead these

6

separate claims in separate counts unless doing so would promote clarity. Id. at 20–21.

B.     Defendant's Response (Dkt. No. 123)

The defendant responds that the court properly dismissed Count I because it was too vague and unclear to provide notice to the defendant of the plaintiff's claims. Dkt. No. 123 at 9–10. It says that the Seventh Circuit consistently has held that such "vague, confusing, and conclusory" complaints should be dismissed as unintelligible. Id. at 10 (quoting Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011)). The defendant contends that although the third amended complaint was not overlong or repetitious, it still did not give the defendant fair notice of the plaintiff's claims. Id. at 10–11. It argues that length is only one factor when determining unintelligibility. Id. at 11–12. The defendant says that the plaintiff has gone so far in explaining her allegations in her motion that she has essentially tried to amend her complaint via briefing, which is not permitted. Id. at 12–13.

The defendant argues the court properly ruled that the plaintiff must cite the law under which she is bringing her state-law claims. Id. at 13. It contends the plaintiff relies on outdated case law to argue that she has leeway for making such vague allegations. Id. at 14 n.1. According to the defendant, asking the plaintiff to cite the governing law is not the same as asking the plaintiff to plead a legal theory in her complaint. Id. at 14–15. It argues that the lack of specificity as to the state law claim again does not give the defendant

7

proper notice of the plaintiff's claims, and that the plaintiff cannot use her brief to explain those claims. Id. at 15.

The defendant argues that in support of Count II, the plaintiff rehashes old arguments that the court already has rejected. Id. at 15–16. The defendant says the plaintiff cannot re-raise these arguments as grounds for reconsideration. Id. at 16. It contends that although Count II appears to challenge the rounding of supervisor-adjusted punch times only, the plaintiff now is arguing that rounding both adjusted and non-adjusted punch times is unlawful. Id. at 16–17. It argues that the complaint is not clear on this point and does not give the defendant fair notice of what punch times the plaintiff is challenging. Id. at 17. The defendant asserts that the plaintiff has not raised any new arguments supporting reconsideration because the court did not "patently misunderstand" the third amended complaint. Id. at 18.

The defendant argues that the court properly rejected Count II's Wisconsin law claim because it brings two possible claims that require different evidence and different defenses. Id. at 19. It says that Count II can be fairly read to plead either that all rounding violates Wisconsin law or that only non-neutral rounding violates Wisconsin law. Id. According to the defendant, these are not alternative theories but two substantively different claims. Id. at 19–20. The defendant argues that the plaintiff has not made clear what actions the defendant allegedly took that violated Wisconsin law. Id. at 20.

The defendant argues that the court's possible misinterpretation of Count III is not grounds for reconsideration but rather is evidence of the third

amended complaint's unintelligibility. Id. at 20–21. It argues that the plaintiff's explanations of this claim in her brief also are "convoluted" and "unintelligible." Id. at 22. The defendant argues that it still is unclear what claim the plaintiff is bringing even though this is the fifth version of the complaint. Id. The defendant asserts that dismissal was "wholly warranted" because the plaintiff failed to give it fair notice of her claims. Id.

C.   Plaintiff's Reply (Dkt. No. 124)

The plaintiff replies that the court did not actually find the third amended complaint "unintelligible and incomprehensible" despite the defendant's allegations in its response. Dkt. No. 124 at 2. The plaintiff contends that the court "misunderst[ood]" Count I even though the third amended complaint clearly alleges the claim the plaintiff is bringing. Id. She argues that although she may have made these arguments in her brief opposing the motion to dismiss, she is not precluded from re-raising them in her motion for reconsideration. Id. at 3. She contends that she has not tried to amend her complaint via her brief but rather that she is explaining the allegations already raised in the third amended complaint. Id. at 4–5. The plaintiff argues that a complaint need only "state a grievance" and does not need to "match facts to legal elements" or "identify what a defendant did to violate particular sections of a statute." Id. at 6.

The plaintiff reiterates that she believes the court has misunderstood and misread the third amended complaint. Id. at 7–8. She asserts that she has "never" argued that the defendant cannot round supervisor-adjusted punch

9

times and that Count II of the third amended complaint clearly alleges that the defendant must round all punch times to the nearest quarter hour, whether they are supervisor-approved or supervisor-adjusted. Id. at 9. She contends that alternative theories of recovery "count as a single claim," so she can argue both that Wisconsin law prohibits rounding and that Wisconsin law requires that rounding must always be to the nearest quarter hour. Id. at 10. She argues that she must bring both alternatives in this case because she would be precluded from asserting the alternative theory in a subsequent lawsuit. Id. at 10–11.

The plaintiff argues that both the court and the defendant have misread Count III of the third amended complaint. Id. at 12–13. She reiterates that she never alleged the defendant automatically deducted 0.5 hours from employees' hours worked for meal breaks, but rather that its rounding practice had the "effect" of deducting a flat 0.5 hours from employees' hours worked. Id. at 13. She says that she can advance "different legal theories" under the FLSA and Wisconsin law as to why the defendant deducted too much time from employees' hours for meal breaks. Id. at 14. The plaintiff argues that paragraphs 54, 66, 77, 78 and 79 gave the defendant clear notice of her claims and that the court should reconsider its dismissal of the third amended complaint. Id. at 15.

III. **Legal Standard**

The plaintiff brings her motion for reconsideration under Federal Rule of Civil Procedure 54(b). That rule states, in part,

10

any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14-C-1727, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09-C-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

Motions for reconsideration serve a limited function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that was not available before the court ruled. Caisse Nationale de Credit v. CBI Indus., 90 F.3d 1264, 1269 (7th Cir. 1996). Motions for reconsideration are not a mechanism for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). Prevailing on a motion for reconsideration is "an uphill

battle." <u>United Air Lines, Inc. v. ALG, Inc.</u>, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

## IV. Analysis

The plaintiff has not shown that the court committed a manifest error of law or fact. The court did not "patently" misunderstand the third amended complaint. The plaintiff's attempt to elaborate on the allegations in her complaint to explain why they actually make sense compels the opposite conclusion. If the third amended complaint is so unclear that the court misapprehended its allegations, it is not clear enough to give the defendant and the court fair notice of the plaintiff's claims. The complaint must be clear on its face. <u>See</u> <u>Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.</u>, 631 F.3d 436, 448 (7th Cir. 2011) (plaintiff "may not amend his complaint in his response brief"); <u>Stanard</u>, 658 F.3d at 799–800 (the court is "not obligated to sift through a complaint to extract some merit when the attorney who drafted it has failed to do so himself"). The plaintiff should not need five complaints and three briefs across two different motions to make her allegations clear.

The plaintiff argues that the court erred because her complaint need only be "intelligible" and give the defendant fair notice of her claims. But the court *did* apply this principle when analyzing the third amended complaint. The court dismissed the third amended complaint because it did not give the defendant fair notice of the plaintiff's claims. Despite the plaintiff's assertions in her opening brief, the court did not rule that the third amended complaint

12

was totally unintelligible, so the plaintiff's arguments that her complaint met the Seventh Circuit's threshold for intelligibility are irrelevant.[1] The court ruled that the third amended complaint was not clear enough to give the defendant fair notice of the plaintiff's claims, not that it was unintelligible.

The plaintiff asserts that the court misinterpreted Count I. Count I alleged that "supervisors would review, approve, and sometimes edit" employees' punch-in times and that the defendant's payroll software rounded "later supervisor edited Fleetfocus punch-in times, rather than the times when the employee punched in on Fleetfocus, to determin [sic] when it should start to pay [computer users]." Dkt. No. 104 at ¶¶52, 54. Count I also alleges that the computer users' activity of logging onto their computers started their continuous workdays, so that all subsequent time was compensable under the FLSA" and that the defendant "failed to investigate whether any of its employes were entitled to be paid starting when they logged onto their computers." Id. at ¶¶53, 56. The court questioned whether the plaintiff was "challenging the rounding practice, the practice of supervisors editing punch-in times or the failure to compensate employees for the time spent logging into their computers before their workday began." Dkt. No. 116 at 17. The plaintiff argues that none of the court's speculations are correct, and that the allegations in Paragraph 54 clearly state that she is challenging the practice of rounding supervisor edited

---

[1] The plaintiff seems to realize this in her reply brief. Although initially she argued that the court had erred by dismissing her claims as unintelligible, dkt. no. 118 at 2, 8, 10, in reply, she argues that the court did *not* characterize the third amended complaint as unintelligible, dkt. no. 124 at 2.

punch-in times. But Paragraph 54 does not exist in a vacuum. It exists in the context of the entire complaint. Count I also includes allegations about how employees must be compensated for all time starting when they logged on to their computers. Although the plaintiff argues in her brief that she is choosing not to seek damages for the time computer users spent logging into their computers, the complaint is not clear on that point. The inclusion of allegations about compensable log-in time does not give the defendant fair notice that the plaintiff is challenging *only* the practice of rounding supervisor-adjusted punches.

The plaintiff argues that there is no need for her to cite to the statute under which her Wisconsin law claims arise. She cites to <u>Bartholet v. Reishauer A.G. (Zurich)</u>, 953 F.2d 1073 (7th Cir. 1992), which she asserts reversed the dismissal of a complaint for failing to clarify that it was brought under a specific federal statute. But in <u>Bartholet</u>, the Seventh Circuit stated that the complaint provided fair notice to the defendant of its claim and that there was no point in "amending the complaint to make explicit what the district judge has held is the only possible interpretation of the document." <u>Id.</u> at 1078. That is not the case here. There is not just a single possible interpretation of the third amended complaint; there are several. It all comes back to the third amended complaint's failure to give the defendant fair notice of its claims. The failure to specify the Wisconsin law under which the plaintiff brings these claims compounds the confusion.

14

The plaintiff's assertion that she need not "explain what [the defendant] did to violate" Wisconsin law borders on frivolous. It implies that all she needs to do is to write "the defendant didn't pay me all my wages" to state a claim for relief. Her belief that she is not required to "plead facts" is based on a 1999 case that predates the standard set in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). <u>Iqbal</u> makes clear that the plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> The complaint needs to allege *what the misconduct is* and *how that misconduct violates the law*. Implicit in that requirement is that it must *state what law the defendant violated*. Otherwise, the defendant has no way of knowing what the plaintiff's claims are or how to defend against them.

The plaintiff argues that the court should have analyzed whether there is *any* legal theory that would support her claims. But "judges and adverse parties need not try to fish a gold coin from a bucket of mud." <u>U.S. *ex rel.* Garst v. Lockheed-Martin Corp.</u>, 328 F.3d 374, 378 (7th Cir. 2003). The court is not required to guess every possible legal theory that the plaintiff's allegations could support. If the plaintiff is so certain that the defendant's actions violate Wisconsin law, she should be able to identify that Wisconsin law in the complaint. She does so in her brief. She did so in the original complaint, the first amended complaint and the second amended complaint. The plaintiff's argument that she doesn't need to cite in the third amended complaint the law under which her state-law claim arises is dubious at best. And even if the

15

plaintiff was correct and she need not cite the statute under which her claims arise, that would not change the fact that the claims in the third amended complaint are unclear and do not give the defendant fair notice of what actions allegedly violated the law.

The plaintiff's defense of Count II only makes the claim more confusing. She argues that the claim challenges both supervisor-approved and supervisor-adjusted punch times. Are there punch times that are neither supervisor-approved nor supervisor-adjusted? If all punch times are either supervisor-approved or supervisor-adjusted, why inject an unnecessary distinction between the punch types? If the plaintiff does not object to supervisors adjusting punch times, why not simply plead that the defendant's rounding practice violated the FLSA? If the claims are as simple as the plaintiff contends, it should be easy for her to write a coherent complaint. She has not done so after five attempts.

As to punch-out times, the plaintiff says Count II challenges only how the defendant allegedly rounded punch-out times. But that does not change the court's conclusion that the complaint does not allege that there was a *uniform* policy of rounding punch-out times; the complaint states that the defendant "sometimes rounded" punch-out times while alleging that punch-in times were "uniformly rounded." Dkt. No. 104 at ¶17. There must be a uniform policy common to putative class members for the case to proceed as a collective action. See Jonites v. Exelon Corp., 522 F.3d 721, 725–26 (7th Cir. 2008) (collective could not be certified where putative class contained employees that

16

were not subject to the same meal break policies). Even if the plaintiff had clearly explained this claim in the third amended complaint, the factual allegations do not support a collective claim for rounding punch-out time, so proceeding with it would be futile.

The plaintiff's attempt to explain Count III similarly fails. She admits that this count is supposed to encompass two separate claims: the practice of deducting 0.5 hours from employees' hours worked even if they took a meal period of less than twenty minutes, and the separate practice of rounding down employees' hours worked after deducting the actual duration of the meal period from the hours worked (but only for employees who took a meal period between twenty and twenty-nine minutes). The plaintiff's "example" muddies the waters further:

> Take the same example of the employee working from 6:00 a.m. to 5:00 p.m., which is a period of 11 hours. If the employee takes a meal period of 20 minutes and therefore worked 10.67 hours for the day, Michels would round the 10.67 down to 10.5, so the 0.5 hours is deducted from the employee's hours worked for a meal period of 20 minutes. Similarly, if the employee took a meal period of 28 minutes and therefore worked 10.53 hours for the day, Michels would similarly round the 10.53 down to 10.5, so the 0.5 hours is deducted from the employee's hours worked for a meal period of 28 minutes. Paragraph 80 therefore explains that by rounding down the number of hours worked by the employee to the next quarter hour, Michels deducts 0.5 hours from the employee's hours worked for a meal period of 29 minutes or less; so that it is deducing work time in addition to the meal period from its employees' hours worked.

Dkt. No. 118 at 19. The plaintiff argues that she intended to allege that the "effect" of the defendant's rounding practice resulted in the 0.5 hour deduction. She claims that this is clear from paragraphs 77 through 79 of the third

amended complaint. But again, these paragraphs exist in the context of the entire complaint. It is not clear from the third amended complaint (read as a whole and not in single, stand-alone, isolated paragraphs) what claims the plaintiff is bringing. The fact that the complaint can fairly be read as challenging an automatic deduction policy *or* a circuitous rounding policy demonstrates that the complaint does not give the defendant fair notice of the plaintiff's claims. Any "misunderstanding" is due to the plaintiff's failure draft a clear complaint after being given five opportunities to do so.

The plaintiff has not shown that the court committed a manifest error of fact or law in its order granting in part the defendant's motion to dismiss. The third amended complaint did not give the defendant fair notice of the plaintiff's claims. The court will deny the plaintiff's motion for reconsideration.

## V.     Remaining Claim

The plaintiff's individual claim for interrupted meal breaks (Count IV of the third amended complaint) is the only claim remaining in this case. In a September 10, 2025 letter, the defendant stated that the parties had "reached an agreement in principle" to settle Count IV. Dkt. No. 121. The parties have not yet filed settlement documents for this claim. The court will administratively close this case pending the filing of those documents.

## VI.   Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 117.

The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED** pending the filing of dismissal documents. Any party may move to reopen the case if necessary. The court further **ORDERS** that when the parties file their settlement documents, the court will convert the closure to the resolution required by the pleading.

Dated in Milwaukee, Wisconsin this 18th day of November, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**